**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

APRINTESS WILLIAMS,

        Plaintiff,

vs.

STATE OF NEVADA; *et al.*,

        Defendants.

Case No. 2:16–cv–1283–JCM–VCF

**ORDER AND REPORT & RECOMMENDATION**

APPLICATION TO PROCEED *IN FORMA PAUPERIS* (DOC. #1) AND COMPLAINT (DOC. #1-1)

      Before the court are Plaintiff Aprintess Williams's application to proceed *in forma pauperis* (ECF No. 1) and complaint (ECF No. 1-1). For the reasons stated below, Williams's *in forma pauperis* application is granted and he may proceed with this action. It is recommended that Williams be allowed to proceed on his claims against Defendants Krook and Chandler.

**I. Discussion**

      Williams's filings present two questions: (1) whether he may proceed *in forma pauperis* under 28 U.S.C. § 1915(e) and (2) whether his complaint states a plausible claim for relief. Each is discussed below.

1. Williams May Proceed *In Forma Pauperis*

      Williams's application to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a)(1) permits a plaintiff to bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff's "is unable to pay such fees or give security therefor." Pursuant to section 1915(a)(1), Williams submitted a financial affidavit. (ECF No. 1) According to the affidavit, Williams is unemployed and has no checking or savings accounts. Williams's application to proceed *in forma pauperis* is therefore granted.

**II. Legal Standard**

Because the court grants Williams's application to proceed *in forma pauperis*, it must review his complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. *See* 28 U.S.C. § 1915(e).  The court's review of Williams's complaint is guided by two legal standards: Federal Rule of Civil Procedure 8 and the Supreme Court's decision in *Erickson v. Pardus*, 551 U.S. 89 (2007).

Federal Rule of Civil Procedure 8(a) also provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." FED. R. CIV. P. 8(a)(2).  The Supreme Court's decision in *Ashcroft v. Iqbal*, states that in order to satisfy Rule 8's requirements a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009).  The Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) and *Iqbal* prescribe a two-step procedure to determine whether a complaint's allegations cross that line.

First, the court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680.  Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," *id.* at 678, or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 681.

Second, the court must determine whether the complaint states a "plausible" claim for relief. *Id.* at 679.  A claim is "plausible" if the factual allegations, which are accepted as true, "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.  This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted).  If the factual allegation, which are accepted as true, "do

not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Id.* (citing FED. R. CIV. P. 8(a)(2)).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

If the court dismisses a complaint under section 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

### III. Discussion

Williams has sued four defendants: (1) the State of Nevada; (2) the Nevada Department of Parole and Probation; (3) Probation Officer Krook; and (4) Probation Officer Chandler. Williams's claims against each Defendant will be discussed below.

1. <u>The State of Nevada</u>

A state is not a "person" for the purposes of a § 1983 action. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69, 117 S.Ct.1055, 1069-1070, 137 L.Ed.2d 170 (1997). Williams's claims against the State of Nevada should therefore be dismissed with prejudice.

2. <u>The Department of Parole and Probation</u>

An "arm of the State" is not a "person" for purposes of § 1983 action. *Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991)(holding that the Arizona Department of Corrections was an arm of the State). In his complaint, Williams alleged that the Department was a "government entity." (ECF No. 1-1 at 1) Since Williams cannot maintain a § 1983 action against a government entity, his claims against the Department should be dismissed with prejudice. *Pickett v.*

*Nevada Bd. Of Parole Com'rs*, Case No. 2:09-cv-1695-PMP-VCF, 2013 WL 6197095 at* 4 (D. Nev. Nov. 26, 2013).

3.       Officers Krook and Chandler

The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST., AMEND. IV. "Some seizures are so much less intrusive than a traditional arrest that they may be reasonable, in light of the government's strong opposing interests in crime prevention and detection and in police officers' safety." *Ganwich v. Knapp*, 319 F.3d 1115, 1120 (9th Cir. 2003). "A seizure becomes unlawful when it is 'more intrusive than necessary.'" *Id.*

In *Ganwich*, police officers executed a search warrant at the plaintiffs' place of business. *Id.* at 1118. During the search, the officers detained the plaintiffs in a backroom for time periods ranging from one hour and forty-five minutes to four hours and forty five minutes. *Id.* The plaintiffs were not allowed to leave the backroom, go to the restroom unescorted, or use the telephone. *Id.* After finding that the plaintiffs' detention in the backroom was reasonable, the Ninth Circuit addressed whether preventing the plaintiffs from using the telephone constituted an unreasonable seizure. *Id.*

The officers argued that restricting the plaintiffs' telephone access was necessary to prevent them from warning others in the company about the police investigation. *Id.* at 1123. Although this justification was legitimate, it was outweighed by the plaintiffs' interests in making child care arrangements or notifying relatives of their whereabouts. *Id.* at 1123-24. The Ninth Circuit concluded that holding the plaintiffs incommunicado was unreasonable and a violation of their Fourth Amendment rights. *Id.* at 1124 ("when officers try to justify a significant restraint with so weak a rationale, their conduct is not permissible under the Fourth Amendment.")

At the time of the complained of conduct, Williams was on parole and under the supervision of Officer Krook. (ECF No. 1-1 at 2) As part of his parole, Williams signed a waiver of rights form that permitted the Department's officers to conduct warrantless searches of Williams' person and property. (*Id.* at 3-4) Officer Krook used Williams's waiver of rights to conduct warrantless searches of the following locations: (1) Williams's car and cellphone; (2) Williams's safe deposit box; (3) Williams's friend's apartment; and (4) a safe in Williams's home. (*Id.*)

Officer Krook searched Williams's car in the Department's parking lot. (*Id.*) Williams was not handcuffed for this search. (*Id.*) The other searches took place at various locations around Clark County. (*Id.*) To that end, Officers Krook and Chandler drove Williams to a Wells Fargo to open his safe deposit box, then to his friend's apartment, then finally to his home. (*Id.* at 5)

These trips took approximately five hours, and Williams was handcuffed the entire time. (*Id.*) At various times Williams's complained that he was hot and uncomfortable due to the 108 degree heat. The officers also allegedly denied Williams's food and water during the entire five-hour detention. (*Id.*) When the officers and Williams arrived at his home, he feinted and fell face first into a table. (*Id.*) Williams was then transported to Valley Hospital where he was treated for heatstroke. (*Id.*)

Williams has stated plausible § 1983 claims against Officers Krook and Chandler. Williams has alleged sufficient facts to allow the court to infer that the officer's decision to deprive Williams of food and water in 108 degree heat for five hours was an unreasonable seizure. *See Ganwich*, 319 F.3d at 1124.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of the Court filed the complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that Plaintiff is permitted to maintain the action to its conclusion without the necessity of prepayment of any additional fees, costs, or security. This order granting *in forma pauperis* status does not extend to the issuance of subpoenas at government expense.

IT IS RECOMMENDED that Williams's claims against the State of Nevada and the Department of Parole and Probation be DISMISSED with prejudice.

IT IS FURTHER RECOMMENDED that Williams's claims against Officers Krook and Chandler be allowed to proceed.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing

/// /// ///

/// /// ///

/// /// ///

/// /// ///

/// /// ///

party or the party's attorney.  **Failure to comply with this Rule may result in dismissal of the action.** *See* LSR 2-2.F

IT IS SO ORDERED and RECOMMENDED.

DATED this 13th day of June, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE