UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| APRINTESS WILLIAMS, | Case No. 2:16-CV-1283 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| STATE OF NEVADA, DEPARTMENT OF PAROLE & PROBATION, et al., | |
| Defendant(s). | |

Presently before the court are Magistrate Judge Ferenbach's report and recommendation (ECF No. 3) regarding that court's review of plaintiff Aprintess Williams's complaint (ECF No. 4).

Plaintiff, who was then on parole, alleges that he was handcuffed for roughly five hours while Probation Officers Krook and Chandler conducted warrantless searches of plaintiff's safe deposit box, his friend's apartment, and a safe in plaintiff's home. (ECF No. 3 at 5). Plaintiff further alleges that he was given no food or water during that time, although complaining of discomfort and heat. (ECF No. 4 at 5). He states that he "passed out and fell face first into [a] table," requiring a visit to Valley Hospital for heat stroke. (ECF No. 4 at 5).

This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party fails to object to a magistrate judge's report and recommendation, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna–Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no

**James C. Mahan**
**U.S. District Judge**

objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna–Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection.").

Nevertheless, this court finds it appropriate to engage in a *de novo* review to determine whether to adopt the recommendation of the magistrate judge.

Upon review of the case law cited in the report and recommendation, it appears that the magistrate judge has correctly reasoned that a state is not a "person" in the § 1983 context; therefore, plaintiff cannot pursue his claim against that party. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997). Next, the magistrate judge has appropriately found that the Nevada Department of Parole & Probation is an "arm of the state;" indeed, plaintiff concedes that point. (ECF No. 4 at 1). Plaintiff's § 1983 action is therefore also inapplicable to that party. *Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991); *see also Pickett v. Nevada Bd. of Parole Com'rs*, Case No. 2:09-cv-1695-PMP-VCF, 2013 WL 6197095 at *4 (D. Nev. Nov. 26, 2013).

Finally, this court agrees with the magistrate judge that even though the plaintiff signed a waiver of rights as part of his parole, (ECF No. 3 at 5) he has alleged plausible claims under § 1983 against Officers Krook and Chandler. *See Ganwich*, 319 F.3d at 1124. Therefore, these claims survive the present review of plaintiff's complaint.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the report and recommendation of Magistrate Judge Ferenbach (ECF No. 3) be, and the same hereby are, ADOPTED in their entirety.

DATED September 21, 2016.

                                        */s/ James C. Mahan*
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**