UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| APRINTESS WILLIAMS,<br><br>        Plaintiff,<br><br>vs.<br><br>STATE OF NEVADA; *et.al.*,<br><br>        Defendants. | Case No. 2:16–cv–1283–JCM–VCF<br><br>**ORDER** |

      Before the court are the Defendants'[1] motion for a more definite statement (ECF No. 8) and Williams's response (ECF No. 11). For the reasons stated below, the Defendants' motion is granted.

**I. Discussion**

      "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e). "The motion … must point out the defects complained of and the details desired." *Id.* "If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order." *Id.*

      The Defendants characterize Williams's complaint as a stream of consciousness recitation of the Defendants alleged wrongdoing: "[a]fter seven introductory paragraphs, the Complaint becomes a four and one-half page long narrative of unnumbered and unstructured allegations." (ECF No. 8 at 2) The

---

[1] Williams originally sued the State of Nevada, the Department of Parole and Probation, Officer Krook, and Officer Chandler. (ECF No. 1-1) The State of Nevada and the Department of Parole and Probation were subsequently dismissed from this action. (ECF No. 9) The only remaining defendants are Officers Krook and Chandler.

1

Defendants continue, "[t]he paragraphs are a mixture of factual allegations and legal conclusions that contain no separate statement of facts or causes of action.  Without some degree of precision and separation, Defendants cannot accurately respond to the Complaint." (*Id.*)

Williams's response to the Defendants' motion is in fact his attempt to provide a more definite statement. (ECF No. 11)(Aprintess Williams … hereby submits a MORE DEFINITE STATEMENT"). Unfortunately, Williams appears to have taken the Defendants' request for "precision and separation" literally.  The "more definite statement" is Williams's original complaint reformatted into individually numbered paragraphs. (*Id.*)  While easier to read, the "more definite statement" does not address what this court interprets to be the Defendants' requested relief: a description of the legal theories that Williams's believes entitle him to relief.

Williams's complaint cited 42 U.S.C. § 1983[2] and quoted the language of the Fourth and Fourteenth amendments. (ECF No. 1-1)  From these citations, the court was able to conclude that Williams's wished to bring § 1983 claims against Officers Krook and Chandler, presumably for violations of his rights under the Fourth and Fourteenth Amendments. (ECF No. 9)  Williams however did not specify which theories of liability he wishes to pursue.  By way of example, Williams could have alleged that the officers were deliberately indifferent to his medical needs, used excessive force, or unreasonably seized his property.  *Hill v. Las Vegas Metropolitan Police Department*, No. 2:14-cv-1175-JAD-CWH, 2016 WL 3450804 (D.Nev. June 21, 2016)(deliberate indifference); *see also Alexander v. Underhill*, 416 F.Supp. 2d 999 (D.Nev. 2006 (excessive force).

---

[2] "42 U.S.C. § 1983 provides a remedy to individuals whose constitutional rights have been violated by persons acting under color of state law." *Caballero v. City of Concord*, 956 F.2d 204, 206 (9th Cir. 1992).

ACCORDINGLY, and for good cause shown,

IT IS HEREBY ORDERED that the Defendants' motion for a more definite statement (ECF No. 8) is GRANTED.

IT IS FURTHER ORDERED that on or before October 28, 2016, Williams must file an amended complaint that complies with Federal Rule of Civil Procedure 8(a).  This complaint must include specifications of which theories of liability he believes are applicable to this action.

IT IS SO ORDERED.

DATED this 12h day of October, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE